UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CAR-FRESHNER CORPORATION and JULIUS
SAMANN LTD.,

                        Plaintiffs,

                     -against-

D & J DISTRIBUTING AND
MANUFACTURING, INC. d/b/a EXOTICA
FRESHENERS CO.,

                        Defendant.
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-8-14

14-cv-391 (PKC)

MEMORANDUM
AND ORDER

CASTEL, U.S.D.J.

        Plaintiffs Car-Freshner Corporation and Julius Samann Ltd. move to dismiss the Amended Counterclaims (the "Counterclaims") of defendant D&J Distributing and Manufacturing, Inc. d/b/a Exotica Fresheners Co. ("D&J") pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Docket # 27.) The parties manufacture and sell tree-shaped air fresheners that are commonly used in automobiles. Plaintiffs sell air fresheners in the shape of fir trees, while D&J's air fresheners are in the shape of fattened palm trees. The packaging included in the parties' trade dress prominently features the color yellow.

        Plaintiffs allege that D&J has unlawfully copied the designs of their tree-shaped product lines and their packaging's trade dress, and argue that D&J's counterclaims are "retaliatory" and "demonstrably false, incoherent, or irrelevant." (Pl. Mem. at 2.) The parties' respective claims and counterclaims assert infringement and dilution of trademark and trade dress under the Lanham Act and New York law.

For the reasons explained, the plaintiffs' motion to dismiss D&J's counterclaims is granted as to the alleged violation of New York General Business Law section 349, but denied in all other respects.

BACKGROUND

This action commenced on January 22, 2014, when plaintiffs filed a complaint alleging that D&J infringed their trademarks and trade dress under the Lanham Act, 15 U.S.C. §§ 1114 & 1125, and violated New York's General Business Law and common law. (Docket # 1.) Plaintiffs manufacture and sell "Little Trees" brand air fresheners, which are designed in the shape of a fir tree. (Compl't ¶¶ 7-8.) D&J manufactures and distributes "Exotica" brand air fresheners designed in the shape of a palm tree. (Compl't ¶ 36.) According to the plaintiffs, D&J's products copy the plaintiffs' distinctive packaging, color shades and product names. (Compl't ¶¶ 27-40.) By way of one example, plaintiffs sell a product in the shape of a fir tree featuring an American flag design under the name "Vanilla Pride"; D&J sells a product in the shape of a palm tree featuring an American flag design under the name "Flag Vanilla." (Compl't ¶ 37.) The "Exotica" and "Little Trees" air fresheners are sold in a trade dress that prominently features the color yellow in its packaging. (Compl't ¶ 36.)

D&J filed an Answer and Counterclaim on February 13, 2014. (Docket # 9.) On April 4, 2014, it filed an Amended Answer & Amended Counterclaims. (Docket # 21.) In its Counterclaims, D&J contends that it has registered several uncontestable "Exotica" trademarks, and also owns common law trademarks for its products' designs and packaging. (Counterclaims ¶¶ 6-7.) It attaches as an exhibit evidence of its "Exotica" trademark registrations. (Counterclaims Ex. A.) D&J asserts four counterclaims: 1.) infringement of trademark and trade dress, and unfair competition, under the Lanham Act, 15 U.S.C. § 1125; 2.) deceptive trade

practices in violation of New York General Business Law section 349; 3.) trade dress dilution under New York General Business Law section 360-*l*; and 4.) unfair competition under New York common law.  (Counterclaim ¶¶ 1-53.)  These four counterclaims mirror the causes of action asserted in the plaintiffs' Complaint.  (Compl't ¶¶ 47-66.)

Plaintiffs filed their motion to dismiss the counterclaims on May 12, 2014. (Docket # 27.)  They assert that they have engaged in a series of disputes with D&J since 1995, including plaintiffs' allegedly successful demands that D&J alter its packaging, and a 2011 lawsuit in the Northern District of New York, Car-Freshner Corp., et al. v. D & J Distributing & Manufacturing Inc., 11 Civ. 617 (N.D.N.Y.) (NAM), which ended in a consent judgment wherein D&J agreed to alter certain marks.  (Pl. Mem. at 3-4; Compl't ¶¶ 28-34.)  According to the plaintiffs, during that prior litigation, D&J was already in the process of altering its packaging to a design similar to that of the plaintiffs.  (Compl't ¶ 37.)

RULE 12(b)(6) STANDARD.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 US. 544, 570 (2007)).  "'[L]abels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. (quoting Twombly, 550 U.S. at 555).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Hence, although "'detailed factual allegations'" are not necessary in order to state a claim, id. (quoting Twombly, 550 U.S. at 555), in order to satisfy Rule 8, Fed. R. Civ. P., a complaint must still set forth "sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know

whether there is a legal basis for recovery." Kittat v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000). There is no heightened pleading requirement for a Lanham Act claim. See, e.g., Wellnx Life Sciences Inc. v. Iovate Health Servs. Research Inc., 516 F. Supp. 2d 270, 283 n.2 (S.D.N.Y. 2007) (collecting cases).

"In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies." In re Thelen LLP, 736 F.3d 213, 219 (2d Cir. 2013). If a motion to dismiss relies on "matters outside the pleadings," the Court may convert a motion to dismiss into a motion for summary judgment under Rule 56, Fed. R. Civ. P. See Rule 12(d), Fed. R. Civ. P.; Parada v. Banco Industrial De Venezuela, C.A., 753 F.3d 62, 67-68 (2d Cir. 2014).

DISCUSSION

    I.    The Counterclaims Adequately Identify the Disputed Marks and Trade Dress.

Plaintiffs argue that D&J's counterclaims should be dismissed because D&J has not adequately alleged the existence and ownership of its trade dress or trademarks. To state a trademark infringement claim, a plaintiff must allege that "(1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) 'in connection with the sale . . . or advertising of goods or services,' (5) without the plaintiff's consent." 1-800 Contacts, Inc. v. WhenU.Com, Inc., 414 F.3d 400, 407 (2d Cir. 2005) (quoting 15 U.S.C. § 1114(1)(a)). When a plaintiff alleges that trade dress has been infringed under the Lanham Act, the plaintiff must "articulate the dress." Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 114 (2d Cir. 2001). Trade dress may encompass the design and configuration of a product, as well as its packaging. Id. at 114.

Here, the Counterclaims provide plaintiffs with sufficient notice of D&J's claims, including the disputed trademarks and trade dress. They therefore satisfy Rule 8, Fed. R. Civ. P. The Counterclaims are set forth in D&J's Answer, and incorporate the Answer by reference. (Counterclaims ¶ 1.) "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Rule 10(c), Fed. R. Civ. P. "Pleadings must be construed so as to do justice." Rule 8(e), Fed. R. Civ. P.

The plaintiffs' argument that D&J has not provided adequate notice of the disputed marks and trade dress is unavailing. D&J's Answer is filed in response to plaintiffs' own claims of trademark infringement and trade dress infringement. Plaintiffs' complaint sets forth allegations as to D&J's trademarks and trade dress. This includes a side-by-side comparison of eight different examples of the plaintiffs' "Little Trees" product line and D&J's own "Exotica" product line. (Compl't ¶¶ 36-37.) D&J asserts that it has a decades-long history of using the Exotica mark, and the plaintiffs only recently altered their own product line "to mimic" D&J's design. (Counterclaims ¶¶ 8, 16.) Moreover, D&J's Counterclaims have attached, at Exhibit A, printouts of D&J's trademark registrations from the website for the United States Patent and Trademark Office. (Counterclaims Ex. A.) The exhibit reflects that D&J has registered five "Exotica" trademarks (two of which are now classified as either dead or abandoned) that D&J uses in its air deodorizers, including an "Exotica" trademark for a design in the shape of a fattened palm tree. (Id.) These are the same "Exotica" marks that the plaintiffs contend violate their own "Little Trees" marks.

The Counterclaims and its exhibit showing ownership of the "Exotica" marks, when viewed in light of the Answer and the Complaint, adequately allege D&J's ownership of protected trademarks and identify the trademarks and trade dress used in the "Exotica" line.

While the Counterclaims do not identify by name the plaintiffs' "Little Tree" marks, it is apparent from the text of the Answer and the Complaint that the parties dispute whether each has infringed the others' respective "Exotica" and "Little Trees" marks and trade dress.

To the extent that plaintiffs dispute D&J's allegations about the history of the parties' marks and trade dress, they raise factual issues beyond the four corners of the pleadings. (See Pl. Mem. at 12-14.)  The Declaration of Leah Waite-Holland, identified as a legal coordinator for Car-Freshner, describes the historical evolution of the "Little Trees" packaging and D&J's purported efforts to mimic that packaging. (Waite-Holland Dec. ¶¶ 3-7, 12-17.)  It asserts that Car-Freshner has not used an "Exotica" mark with a palm tree design and has not copied D&J's packaging. (Waite-Holland Dec. ¶¶ 9-10.)  These factual assertions go well beyond the pleadings and any documents integral thereto.  See generally In re Thelen LLP, 736 F.3d at 219.  They are more appropriately considered after the close of discovery, and the Court declines to convert this Rule 12(b)(6) motion one for summary judgment.

The Court therefore concludes that the Counterclaims have adequately alleged and identified the parties' disputed marks and trade dress, and plaintiffs' motion to dismiss the Lanham Act claims is denied.

> II.   The Counterclaims Adequately Allege a Violation of New York General Business Law Section 360-*l* and State a Claim of Unfair Competition.

The standards for trademark infringement and dilution under New York's common law of unfair competition "are essentially the same as" under the Lanham Act. Kensington Pub. Corp. v. Gutierrez, 2009 WL 4277080, at *7 (S.D.N.Y. Nov. 10, 2009) (Swain, J.) (quotation marks omitted).  Lanham Act claims of trademark and trade dress dilution have generally been subject to a "more stringent" standard than claims under New York's anti-dilution statute, General Business Law section 360-*l*, because the New York standard has always required

"a mere 'likelihood of dilution.'" Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 119 (2d Cir. 2006). By contrast, prior to the amendments of the Trademark Dilution Revision Act of 2006, the Lanham Act required evidence of actual dilution. Id. Unlike the Lanham Act, Section 360-*l* also does not require that a mark be "famous" in order to be protected from dilution. Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 111 (2d Cir. 2010).

Plaintiffs move to dismiss D&J's claims under New York common law and section 360-*l* on the same basis that they move to dismiss the federal Lanham Act claim. They contend that the Counterclaims do not sufficiently identify the disputed marks or trade dress, or plausibly allege infringing activity. However, for the reasons explained as to the Lanham Act claim, D&J also states a claim for relief under section 360-*l* and the New York common law of unfair competition. Plaintiffs' motion to dismiss is therefore denied as to these claims.

### III. D&J's Claim under New York General Business Law Section 349 Is Dismissed.

D&J also contends that the plaintiffs' unauthorized use of D&J's trade dress has resulted in consumer confusion, and therefore has violated New York General Business Law section 349. New York General Business Law section 349 "is directed at wrongs against the consuming public." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 24 (1995). To state a claim under section 349, a plaintiff must allege conduct directed toward consumers, and allege that this consumer-oriented conduct was "deceptive or misleading in a material way and that plaintiff has been injured by reason thereof." Id. at 25. "[T]he majority view in this circuit is that trademark infringement claims are not cognizable under section[ ] 349 . . . unless there is a specific and substantial injury to the public interest over and above ordinary trademark infringement or dilution." Coach, Inc. v. Horizon Trading USA Inc., 908 F. Supp. 2d 426, 435 (S.D.N.Y. 2012) (Engelmayer, J.) (quotation marks and ellipsis

omitted) (collecting cases); accord L'Oreal USA, Inc. v. Trend Beauty Corp., 2013 WL 4400532, at *22 (S.D.N.Y. Aug. 15, 2013) (Abrams, J.). The same requirement of additional injury to the public applies to section 349 claims that involve trade dress infringement. See, e.g., Bodum USA, Inc. v. Palm Restaurant, Inc., 2012 WL 4857563 (S.D.N.Y. Oct. 10, 2012) (Forrest, J.).

The Counterclaims do not identify an injury to the public interest, aside from the type of injury that arises from ordinary trade dress infringement or dilution. Instead, D&J alleges that that the plaintiffs have used D&J's trade dress without authorization, therefore causing consumer confusion and violating section 349. (Counterclaims ¶ 40 (alleging consumer confusion based on unauthorized use of trade dress); ¶ 42 (alleging trade dress infringement and dilution of trade dress). These allegations are no different than the injuries that would allegedly occur as a result of any acts of dilution and infringement, and do not make out a claim under New York General Business Law section 349. See Coach, Inc., 908 F. Supp. 2d at 435; Bodum, 2012 WL 4857563.

Plaintiffs' motion is therefore granted as to D&J's claim under General Business Law section 349.

CONCLUSION

The plaintiffs' motion to dismiss D&J's Counterclaims is GRANTED as to the claim alleging a violation of New York General Business Law section 349, but is otherwise DENIED. The Clerk is directed to terminate the motion. (Docket # 27.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
8-8-2014